TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Hunt & Henriques and
Arrow Financial Services, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD OWINGS,<br><br>        Plaintiff,<br><br>vs.<br><br>HUNT & HENRIQUES and ARROW FINANCIAL SERVICES,<br><br>        Defendants. | CASE NO.: 2:09-mc-0051-GEB-EFB<br><br>[08 CV 1931 L NLS pending in the United States District Court for the Southern District of California]<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM* OR, IN THE ALTERNATIVE, FOR ISSUANCE OF ORDER TO SHOW CAUSE WHY NON-PARTY CALIFORNIA ARMY NATIONAL GUARD SHOULD NOT BE HELD IN CONTEMPT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:    November 9, 2009<br>Time:   9:00 a.m.<br>Ctrm:  10<br><br>The Honorable Garland E. Burrell |

1    TO ALL PARTIES, THE CALIFORNIA ARMY NATIONAL GUARD AND

2  THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE THAT on November 9, 2009 at 9:00 a.m., or as soon

4  thereafter as counsel may be heard, in Courtroom 10 of the above-entitled Court,

5  located at 501 I Street, Sacramento, California, the Honorable Garland E. Burrell

6  presiding, defendants Hunt & Henriques and Arrow Financial Services will and hereby

7  do move this Court for an Order compelling the California Army National Guard to

8  comply with a subpoena *duces tecum* served upon it or, in the alternative, to show

9  cause why it should not be held in contempt for failing to respond to the subpoena,

10  pursuant to Rule 45 of the Federal Rules of Civil Procedure.

11    The motion will be based upon this Notice of Motion and Motion, the

12  Memorandum of Points and Authorities in support of the Motion and the Declaration

13  of Jeffrey A. Topor filed concurrently herewith, all of the papers on file in this action,

14  and upon such other and further evidence or argument that the Court may consider.

15

16  DATED:  September 25, 2009        SIMMONDS & NARITA LLP
                                      TOMIO B. NARITA
17                                    JEFFREY A. TOPOR

18

19
                                 By:    s/Jeffrey A. Topor
20                                    Jeffrey A. Topor
                                      Attorneys for Defendants
21                                    Hunt & Henriques and
                                      Arrow Financial Services, LLC
22

23

24

25

26

27

28

# I.      **INTRODUCTION**

This matter is presently pending in the United States District Court for the Southern District of California.  Plaintiff Leonard Owings alleges that defendants Hunt & Henriques and Arrow Financial Services violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the California Fair Debt Collection Practices Act ("the Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.*  Owings alleges that when Defendants submitted a request for entry of default in a collection action pending against him in state court, they falsely represented that Owings was not in military service.  Owings, who was in the California Army National Guard ("the Guard") at that time, maintains that he was denied a security clearance necessary to obtain a new position with the Guard, thereby harming him economically.

Defendants served on the Guard (which is located in this judicial district) a subpoena commanding it to produce Owings' military records, including any records related to the alleged decision to deny Owings a security clearance.  The Guard neither complied with the subpoena, nor served formal objections.  Instead, after the due date, the Guard orally notified Defendants that it could not produce the records without a release signed by Owings.  Defendants made a number of requests for Owings' consent, but not until they were about to file this motion did his counsel advise that he expected Owings to provide his consent.  As of the date of the filing of this motion, though, Defendants have not yet received Owings' written consent.[1]

Defendants respectfully request that the Court issue an order compelling the Guard to comply with the subpoena by producing the documents sought. Alternatively, Defendants request that the Court order the Guard to show cause why it should not be sanctioned for its refusal to obey the subpoena.

---

[1]  The deadline set by the Southern District for the filing of discovery-related motions is September 25, 2009.

## II.    STATEMENT OF FACTS

After Owings defaulted on his credit card, the account was charged-off and sold to Arrow, which retained Hunt & Henriques, a law firm, to attempt to collect the debt. Owings ignored two collection letters from Hunt & Henriques, so the firm filed suit on behalf of Arrow in state court (the "Collection Action").  Owings never responded to the complaint, so Hunt & Henriques filed a request for entry of default.

Owings then filed an action against Arrow and Hunt & Henriques in the Southern District of California, claiming that they made false statements in the Collection Action that violated the FDCPA and the Rosenthal Act.  In particular, he alleges that when requesting entry of default, Defendants falsely declared that he was not in "military service" and was therefore not entitled to the protections of section 521 of the Servicemembers Civil Relief Act, 50 U.S.C. § 521; and falsely represented that he had been legally served with the summons and complaint in the Collection Action.  Owings claims the default judgment somehow resulted in the denial of his security clearance, which prevented him from obtaining a new full-time position in the Guard.  *See* Declaration of Jeffrey A. Topor In Support of Motion to Compel ("Topor Decl."), ¶¶ 2-3.

In order to test Owings' claims, Defendants sought to obtain discovery from his employer, the Guard.  Thus, on June 2, 2009, Defendants applied for and obtained from this Court a signed subpoena commanding the Guard to produce all of Owings' military records, "including all military orders, promotion records, disciplinary records, job applications, and any documents considered in connection with any decision to grant, revoke or deny his security clearance" since January 1, 2005.  The subpoena required production by July 3, 2009.  *See id.* at ¶¶ 4-5.  The subpoena was personally served on the Guard on June 16, 2009.  *See id.* at ¶ 6.

The Guard did not formally respond to the subpoena.  Thus, the Guard neither produced documents nor served formal objections.  Instead, on July 22, 2009, the Guard orally notified Defendants that although it possessed records responsive to the

1  subpoena, it could not release them without a release signed by Owings.  *See id.* at ¶ 7.

2  Defendants immediately contacted counsel for Owings to inquire whether Owings

3  would provide the necessary release, a form of which Defendants provided to his

4  counsel.  Despite repeated follow-up efforts by Defendants to obtain Owings' consent

5  to release the subpoenaed documents, he has not yet provided his consent, although his

6  counsel informed Defendants shortly before noon on September 25, 2009 (the deadline

7  for filing this motion) that he anticipated receiving Owings' written consent to the

8  release of his records.  *See id.* at ¶¶ 8-10.  Owings never moved to quash the subpoena,

9  nor did he seek a protective order from this Court.[2]  *See id.* at ¶ 12.

10

11  **III.   ARGUMENT**

12          The Federal Rules of Civil Procedure allow "discovery regarding any matter, not

13  privileged, which is relevant to the claim or defense of any party."  Fed. R. Civ. P.

14  26(b)(1).  The procedure for obtaining discovery from a non-party, such as the Guard,

15  is governed by Rule 45 of the Federal Rules of Civil Procedure, which authorizes the

16  issuance of a subpoena commanding the production of designated documents.  *See*

17  Fed. R. Civ. P. 45(a)(1)A)(iii).  "A person commanded to produce documents . . . may

18  serve on the party or attorney designated in the subpoena a <u>written</u> objection" to

19  production.  *Id.* at 45(c)(2)(B).  Any such <u>written</u> objection "must be served before the

20  earlier of the time specified for compliance or 14 days after the subpoena is served."

21  *Id.*  If the recipient of the subpoena claims that the information sought is privileged, it

22  "must (i) expressly make the claim; and (ii) describe the nature of the documents . . . in

23  a manner that, without revealing information itself privileged or protected, will enable

24  the parties to assess the claim."   *Id.* at 45(d)(2)(A).  Finally, the "court may hold in

25

26

27  _____

28          [2] The United States District Court for the Southern District of California entered
a stipulated protective order in Owings' case on July 27, 2009.  *See* Topor Decl. at ¶ 11.

1   contempt a person who, having been served, fails without adequate excuse to obey the

2   subpoena." *Id.* at 45(e).[3]

3        Here, Defendants served their subpoena on June 16, 2009, requiring production

4   by July 3.  Pursuant to Rule 45(c)(2)(B), any objection was due no later than June 30.

5   The Guard did not serve any objections.  Although it <u>orally</u> claimed that it could not

6   release Owings' records without a release, it never served Defendants with any written

7   response to the subpoena, let alone a written response that identified the alleged source

8   of any such requirement and described the documents in a manner sufficient to permit

9   Defendants to test any claim of privilege.  *See* Fed. R. Civ. P. 45(d)(2)(A).  Nor did the

10  Guard produce any documents.  Simply put, the Guard has refused to obey a valid

11  subpoena without adequate excuse.  It should be compelled to comply with the

12  subpoena.

13       A similar situation arose in another decision of this court, *Williams v. City of*

14  *Weed*, 2008 WL 1733026 (E.D. Cal. April 10, 2008), a 42 U.S.C. § 1983 action

15  asserting claims against police officers for excessive force, negligence and battery

16  during a traffic stop.  The plaintiff subpoenaed documents pertaining to one of the

17  defendants from the district attorney's office.  *See id.* at *1.  The district attorney

18  responded, **by letter**, that although it possessed responsive documents, it was objecting

19  to producing them because of a dispute between the parties regarding "whether these

20  items were privileged or otherwise protected."[4]  *Id.* at *2.  The plaintiff moved for a

21  finding of contempt against the district attorney under Rule 45(e).  *See id.*

22

23  _____

24       [3]  Unlike a non-party, a party "'cannot object to a subpoena duces tecum served
    on a non-party, but rather, must seek a protective order or move to quash the

25  subpoena.'"  *Williams v. City of Weed*, 2008 WL 1733026, *4 (E.D. Cal. April 10, 2008)
    (quoted citation omitted).

26

27       [4]  Like the Guard here, the district attorney in *Williams* failed "to respond to the
    subpoena in a way that comports with the Federal Rules of Civil Procedure," which

28  "troubled" that court.  *See id.* at *3 n.6.

Because the plaintiff did "not explain what a finding of contempt would accomplish, and appears instead to seek an order compelling compliance," the court construed the motion as one brought  under Rule 45(c)(2)(B)(i) for an order compelling production of the documents.  *See id.*  Rejecting the defendants' arguments that the documents sought were inadmissible, the court ordered the district attorney to produce them to the parties, and directed the parties to submit a proposed stipulated protective order after the documents were produced. *See id.* at **5-6.

Like the district attorney in *Williams*, the Guard possesses responsive documents, but suggests that they may entitled to some sort of protection against production absent Owings' consent to release them.  Like the district attorney in *Williams*, the Guard failed to respond to Defendants' subpoena consistent with the Rules of Civil Procedure.  Owings has not moved to quash the subpoena, to modify the existing protective order or for entry of a different protective order.  The subpoenaed documents are clearly relevant to Owings' claims. Like the court in *Williams*, this Court should order the Guard to produce documents responsive to the subpoena.

## IV.   CONCLUSION

For the foregoing reasons, Defendants motion to compel should be granted.  In the alternative, the Guard should be ordered to show cause why it should not be held in contempt for refusing to obey a valid subpoena.

DATED:  September 25, 2009          SIMMONDS & NARITA LLP
                                     TOMIO B. NARITA
                                     JEFFREY A. TOPOR


                                     By:   s/Jeffrey A. Topor
                                           Jeffrey A. Topor
                                           Attorneys for Defendants
                                           Hunt & Henriques and
                                           Arrow Financial Services, LLC