IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD OWINGS,

        Plaintiff,

        vs.

HUNT & HENRIQUES; ARROW
FINANCIAL SERVICES, LLC,

        Defendants.
_____/

No. Misc. 09-0051 GEB EFB

<u>ORDER</u>

      Pending before the undersigned is defendants Hunt & Henriques and Arrow Financial Services, LLC's ("defendants") motion to compel compliance with a subpoena issued by this court and served on third party the California Army National Guard (the "Guard"). Dckt. No. 5. The matter is before this court pursuant to Federal Rule of Civil Procedure 45(e), which provides that an "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena," and is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(1) and 28 U.S.C. § 636(b)(1).

      On June 1, 2009, defendants filed this miscellaneous action and a petition for issuance of a subpoena commanding the Guard to produce and permit inspection of certain documents pertaining to plaintiff Leonard Owings. Dckt. No. 1. The petition indicates that an action is currently pending in the United States District Court for the Southern District of California, case

1

number 08-cv-1931 L NLS, in which plaintiff alleges that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. and the California Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq*. Dckt. No. 1. According to the petition, "[d]uring the period when defendants allegedly violated the law, plaintiff was employed by the California Army National Guard." *Id.* The requested subpoena was issued by this court on June 2, 2004, commanding production of the requested documents on July 3, 2009. Dckt. No. 4.

On September 25, 2009, defendants filed a motion to compel the Guard to comply with the subpoena, or in the alternative, for issuance of an order to show cause why the Guard should not be held in contempt for failing to respond to the subpoena, and noticed the matter for hearing on November 4, 2009. Dckt. Nos. 5, 6. Both the motion and the notice of hearing were mail served on the Guard. *Id*.

Plaintiff's complaint alleges, *inter alia*, that defendants "obtained a default judgment against Plaintiff [in a collection action pending against him in state court, by] representing to the court that Plaintiff was not a member of the armed services . . . when Defendants knew or should have known that this was not true." Dckt. No. 5-3 at 10, Compl. ¶ 29. The complaint further alleges that, as a result, plaintiff, who was in the Guard at that time, "was denied an important position" and was denied a security clearance. *Id.* at 11, Compl. ¶¶ 41-42. In light of those allegations, defendants personally served the Guard with a subpoena commanding it to produce Owings' military records, "including all military orders, promotion records, disciplinary records, job applications, and any documents considered in connection with any decision to grant, revoke or deny his security clearance" since January 1, 2005; however, the "Guard neither complied with the subpoena, nor served formal objections." Dckt. No. 5 at 3, 4. Instead, according to defendants, the Guard "orally notified Defendants that it could not produce the records without a

////

////

////

release signed by Owings." *Id.* at 3.[1]

The Guard did not file an opposition or a statement of non-opposition to defendants' motion to compel. Therefore, on October 28, 2009, the undersigned issued an order continuing the November 4, 2009 hearing to November 25, 2009; directing the Guard to show cause, in writing, no later than November 4, 2009, why sanctions should not be imposed on it for its failure to timely file an opposition or a statement of non-opposition to defendants' motion; and directing the Guard to file an opposition to the motion, or a statement of non-opposition thereto, no later than November 4, 2009. Dckt. No. 9 at 3. The October 28, 2009 order further stated that "[f]ailure of the California Army National Guard to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in the granting of the motion and/or the imposition of sanctions." *Id.* The order was mail served on the Guard at its headquarters in Sacramento, California, and on plaintiff's counsel. Dckt. No. 10.

Court records reflect that the Guard has not responded to the October 28, 2009 order to show cause and still has not filed an opposition nor a statement of non-opposition to defendants' motion to compel. Local Rule 78-230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party" and Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

In light of the Guard's failure to oppose the motion or otherwise comply with the order to show cause, and because the subpoena appears to have been properly served, seeks relevant documents, does not appear to subject the Guard to undue burden, and neither the Guard nor plaintiff has sought to quash the subpoena, defendants' motion to compel will be granted. The

---

[1] Regardless of the merits of the Guard's position as to the question of whether the materials must be disclosed, the Guard may not simply ignore the process. It must either timely move to quash the federal subpoena, or comply with it and any further federal court orders re compliance. It has done neither.

Guard will be ordered to produce documents responsive to the subpoena within fourteen days from the date this order is filed.[2]

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel, Dckt. No. 5, is granted.

2. The hearing currently set for November 25, 2009, is vacated.

3. Within fourteen days from the date this order is filed, the California Army National Guard shall produce documents responsive to defendants' June 2, 2009 subpoena.

4. The Clerk of Court is directed to serve a copy of this order on the California Army National Guard at the following address:

> California Army National Guard
> c/o Joint Force Headquarters
> Attn: Mr. Lewis Johnson
> 9800 Goethe Road
> Sacramento, California 95827

5. The Clerk of Court is also directed to serve a copy of this order on plaintiff's counsel at the following address:

> Joshua B. Swigart
> Robert L. Hyde
> Hyde & Swigart
> 411 Camino Del Rio South, Suite 301
> San Diego, CA 92108-3551

SO ORDERED.

DATED: November 23, 2009.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because defendants do not seek monetary sanctions, the question of sanctions will be deferred. *See* Dckt. No. 11 at 2 ("Defendants take no position as to whether the Court should impose sanctions."). The question will be revisited if further orders of this court are disregarded.

4