IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD OWINGS,

    Plaintiff,

vs.

HUNT & HENRIQUES; ARROW FINANCIAL SERVICES, LLC,

    Defendants.
_____/

No. Misc. S-09-0051 GEB EFB

ORDER

On November 23, 2009, this court granted defendants' motion to compel compliance with a June 2, 2009 subpoena seeking plaintiff's military records, and ordered the California Army National Guard (the "Guard") to produce documents responsive to that subpoena on or before December 7, 2009. Dckt. No. 12. On December 7, 2009, Andreas O. Garza, Lieutenant Colonel, Deputy Staff Judge Advocate, submitted to the undersigned what appears to be an ex parte letter with attached documents that are purported to be responsive to the subpoena.[1] The letter states:

> Please find enclosed the records responsive pursuant to the order from the court dated November 23, 2009. Please note that the original subpoena was not compliant with the U.S. Army's *Touhy* regulation that the records are subject to Privacy Act protection.

---

[1] The letter and the verification attached thereto are ordered filed.

1

> Respectfully request the court to review the records *in camera* for relevance to the underlying litigation before they are released to defendants' counsel.

The court construes the December 7, 2009 submission as a request for reconsideration of the November 23, 2009 order and denies that request.

The June 2, 2009 subpoena issued by this court commanded the Guard to produce and permit inspection on July 3, 2009 of "[a]ll military records of [plaintiff] from January 1, 2005 to date . . . ." Dckt. No. 4. It was issued pursuant to a June 1, 2009 petition filed by defendants indicating that an action is currently pending in the United States District Court for the Southern District of California, case number 08-cv-1931 L NLS, in which plaintiff alleges that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* and the California Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* Dckt. No. 1. Specifically, plaintiff's complaint alleges, *inter alia*, that defendants "obtained a default judgment against Plaintiff [in a collection action pending against him in state court, by] representing to the court that Plaintiff was not a member of the armed services . . . when Defendants knew or should have known that this was not true." Dckt. No. 5-3 at 10, Compl. ¶ 29. The complaint further alleges that, as a result, plaintiff, who was in the Guard at that time, "was denied an important position" and was denied a security clearance. *Id.* at 11, Compl. ¶¶ 41-42. According to defendants' petition for a subpoena, "[d]uring the period when defendants allegedly violated the law, plaintiff was employed by the California Army National Guard." *Id.*

Because the Guard neither complied with the subpoena nor served formal objections thereto, on September 25, 2009, defendants filed a motion to compel the Guard to comply with the subpoena, or in the alternative, for issuance of an order to show cause why the Guard should not be held in contempt for failing to respond to the subpoena. Dckt. No. 5. The motion was noticed for hearing on November 4, 2009. Dckt. No. 6. Both the motion and the notice of hearing were served on the Guard and on plaintiff's counsel. Dckt. Nos. 5, 6.

////

Pursuant to this court's Local Rules, the Guard was required to file an opposition or statement of non-opposition to the motion to compel by October 21, 2009. However, no such opposition or statement of non-opposition was filed. Accordingly, on October 28, 2009, the undersigned continued the November 4, 2009 hearing date to November 25, 2009; ordered the Guard to show cause, in writing, no later than November 4, 2009, why sanctions should not be imposed on it for its failure to timely file an opposition or a statement of non-opposition to defendants' motion; and directed the Guard to file an opposition to the motion, or a statement of non-opposition thereto, no later than November 4, 2009. Dckt. No. 9 at 2. The order further stated that "[f]ailure of the . . . Guard to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in the granting of the motion." *Id.* at 3. The order was served on the Guard and on plaintiff's counsel. *Id.*

The Guard again failed to respond. Accordingly, on November 23, 2009, the undersigned granted defendants' motion to compel and ordered the Guard to produce the documents within fourteen days, or by December 7, 2009. Dckt. No. 12. The order noted that "[r]egardless of the merits of the Guard's position as to the question of whether the materials must be disclosed, the Guard may not simply ignore the process. It must either timely move to quash the federal subpoena, or comply with it and any further federal court orders re compliance. It has done neither." *Id.* at 3, n.1.

The first time this court heard from the Guard was on December 7, 2009 in the ex parte submission referenced above. That submission contends that defendants' subpoena "was not compliant with the U.S. Army's *Touhy* regulation that the records are subject to Privacy Act protection." The court acknowledges that the U.S. Army may have promulgated regulations pursuant to *United States ex. rel. Touhy v. Ragen ("Touhy")*, 340 U.S. 462 (1951). *See* 5 U.S.C. § 301 ("The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and

3

property."). However, the Guard has not explained why it did not raise its *Touhy*/Privacy Act arguments earlier or why it failed to respond to this court's October 28, 2009 order to show cause. The U.S. Army's *Touhy* regulations do not authorize the Army to ignore discovery requests or court orders addressing those discovery requests in a pending federal action. The Ninth Circuit has specifically held that *Touhy* regulations do not authorize "federal agencies to refuse to comply with proper discovery requests." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 780 (9th Cir. 1994). The statutory authority for *Touhy* regulations, 5 U.S.C. § 301, "does not create an independent privilege to withhold government information or shield federal employees from valid subpoenas. Rather, district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies." *Id.*; *see* 5 U.S.C. § 301 ("This section does not authorize withholding information from the public or limiting the availability of records to the public."). "[T]he regulations simply set forth administrative procedures to be followed when demands for information are received." *Kwan Fai Mak v. F.B.I.,* 252 F.3d 1089, 1092 (9th Cir. 2001); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 310 (1978) (acknowledging that § 301 does not provide "substantive rules" regulating disclosure of government information and is simply "a 'housekeeping statute,' authorizing what the APA terms 'rules of agency organization, procedure or practice' as opposed to 'substantive rules.'").

In light of the Guard's failure to respond to defendants' subpoena, failure to move to quash that subpoena, failure to respond to defendants' motion to compel, and failure to respond to this court's order to show cause regarding the motion to compel, the undersigned rejects the Guard's attempt at this stage to seek reconsideration of the court's decision to require production of the documents.[2] In *Exxon*, the Ninth Circuit directed district courts to "apply the federal rules

---

[2] Plaintiff, whose military records are sought by the subpoena, also did not move to quash the subpoena or otherwise object to defendants' motion to compel compliance with the subpoena, even though his attorneys were served with copies of the motion to compel, the order

of discovery when deciding on discovery requests." Here, the Guard failed to respond to defendants' motion to compel and the court's order to show cause, and therefore never contended that the subpoenaed documents were irrelevant, privileged, or otherwise protected from disclosure under the Federal Rules of Civil Procedure. In other words, the Guard did not provide, and has not provided, anything to the Court indicating that the Guard should not be compelled to produce the documents at issue.[3] Accordingly, the Guard will be required to comply with the November 23, 2009 order and produce responsive documents to defendants within three days of receipt of this order. The documents submitted to the undersigned on December 7, 2009 will be returned to the Guard.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to scan and file the December 7, 2009 letter from Andreas O. Garza, Lieutenant Colonel, Deputy Staff Judge Advocate, and the one page verification attached thereto.

2. The Guard's December 7, 2009 ex parte submission to the court is construed as a request for reconsideration of the November 23, 2009 order, and is denied.

3. Within three days from receipt of this order, the Guard shall produce to defendants all documents responsive to defendants' June 2, 2009 subpoena. The court does not intend to extend that deadline.

////

////

////

---

to show cause, and the order directing the Guard to produce the documents.

[3] Even in the December 7, 2009 submission, the only thing the Guard states is that the "subpoena was not compliant with the U.S. Army's *Touhy* regulation that the records are subject to Privacy Act protection." The Guard does not move to quash the subpoena or otherwise explain how its *Touhy* regulations and/or the Privacy Act make the documents undiscoverable pursuant to the Federal Rules of Civil Procedure.

5

1  4. The Clerk of Court is directed to return the documents submitted to the court on
2  December 7, 2009 to, and to serve a copy of this order on, the Guard at the following address:

>    Department of the Army
>    Headquarters, California National Guard
>    Office of the Staff Judge Advocate
>    Attn: Andreas O. Garza, Lieutenant Colonel, Deputy Staff Judge Advocate
>    9800 Goethe Road
>    Sacramento, California 95827

5. The Clerk of Court is also directed to serve a copy of this order on plaintiff's counsel at the following address:

>    Joshua B. Swigart
>    Robert L. Hyde
>    Hyde & Swigart
>    411 Camino Del Rio South, Suite 301
>    San Diego, CA 92108-3551

6. The Clerk of Court is also directed to shall also serve a copy of this order on the Chief of the Civil Division, United States Attorney for the Eastern District of California.

SO ORDERED.

DATED: December 11, 2009.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE